# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **EBONY LAWSON,** | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. |
| **WAL MART STORES, INC., et al.,** | ) _____ |
| Defendants. | ) |

## NOTICE OF REMOVAL

**COMES NOW WAL-MART STORES EAST, L.P., designated in the Complaint as WAL MART STORES, INC., (hereinafter "WAL-MART")**, the Defendant in the above-styled cause, and pursuant to 28 U.S.C. §§ 1441 and 1446, gives notice of its removal of this action to the United States District Court for the Northern District of Alabama, Southern Division. As grounds therefor, the Defendant states as follows:

1.  The Plaintiff is a resident citizen of the State of Alabama and was a resident citizen of the State of Alabama at the time of this Notice of Removal.

2.  The Defendant was organized and exists under the laws of the State of

1

Delaware and its principal place of business both at present and at the time of the incident made the basis of this suit is the State of Arkansas. Accordingly, the Defendant is a citizen of the States of Delaware and Arkansas.

3. This action is removed pursuant to 28 U.S.C. § 1446(b) within 30 days after the receipt by the Defendant of "other paper" from which the Defendant has ascertained that the case is one which has become removable.

4. This action is a matter of which the United States District Court has jurisdiction in that the controversy is wholly between citizens of different states. Jurisdiction is based upon complete diversity of citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, in compliance with 28 U.S.C. § 1332.

5. The Plaintiff filed suit against Wal-Mart on July 10, 2017, alleging negligence and wantonness with regard to an incident that occurred on or about August 28, 2016, at Wal-Mart Store # 1158 in Adamsville, Alabama. The Plaintiff seeks an unspecified amount of compensatory and punitive damages in the Complaint. (Plaintiff's Complaint).

6. According to the Complaint, the Plaintiff was "caused to be knocked, shocked, strained, sprained, bruised, and contused in and about her body" and was

caused to seek medical treatment to heal and cure said injuries. Although the Complaint alleges that the Plaintiff incurred physical, economic and emotional damages, the claimed injuries are so broadly stated that there was no basis for Wal-Mart to determine the amount in controversy by a preponderance of the evidence in order to remove the case within 30 days of service because the Plaintiff sought unspecified damages in her Complaint.  See, e.g., Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) (declining removal on the basis of the complaint because the court found "no unambiguous statement on the face of the amended complaint that would be sufficient to establish that plaintiffs' claims potentially exceeded the jurisdictional minimum); Bankhead v. American Suzuki, 529 F.Supp. 2d 1329, 1332-33, 2008 WL 96095, at *2 (M.D.Ala. 2008)(Thompson, J.)("Bankhead has alleged four common-law claims, but his complaint is nowhere near specific enough as to the duration, extent, severity, or kinds of harms alleged such that this court could determine by a preponderance of the evidence the value of such claims, were he to prevail.  Therefore, the amount in controversy is not facially apparent from the complaint"); Channell v. Nutrition Distribution, LLC, 2008 WL 220934, at *1 (M.D.Ala. Jan. 25, 2008)(Thompson, J.)(in remanding case removed based on diversity jurisdiction, the court "emphasized that all [it] has before it are

[plaintiff]'s pleadings containing unspecified damages").

7. On August 16, 2017, Wal-Mart served the following requests for admission to the Plaintiff:

1. That you do not claim in excess of $75,000.00 as total damages in this case, exclusive of interest, attorney's fees or other fees and costs.

2. That you do not intend to claim over $75,000.00 as total damages in this case.

3. That you will not seek over $75,000.00 as total damages in this case.

4. That you waive any amount of damages ever entered in this case in excess of $75,000.00.

5. That you will not accept any award of damages over $75,000.00 in this case.

6. That you agree that the above-stated limitations on your claim for damages will be binding on you, your heirs, representatives, and assigns with regard to all claims made or ever made in this lawsuit against Wal-Mart or any of its employees.

(Wal-Mart's Requests for Admission to Plaintiff attached hereto and made a part hereof as Ex. 1).

8. On October 11, 2017, the Plaintiff responded to each of the requests for admission as follows:

1. That Plaintiff does not claim in excess of $75,000.00 as total damages in this case, exclusive of interest, attorney's fees or other fees and costs.

RESPONSE: Denied.

4

2. That Plaintiff does not intend to claim over $75,000.00 as total damages in this case.

RESPONSE: Denied.

3. That Plaintiff will not seek over $75,000.00 as total damages in this case.

RESPONSE: Denied.

4. That Plaintiff will waive any amount of damages ever entered in this case in excess of $75,000.00.

RESPONSE: Denied.

5. That Plaintiff will not accept any award of damages over $75,000.00 in this case.

RESPONSE: Denied.

6. That Plaintiff agrees that the above-stated limitations on Plaintiff s claim for damages will be binding on Plaintiff, her heirs, representatives, and assigns with regard to all claims made or ever made in this lawsuit against Wal-Mart or any of its employees.

RESPONSE: Denied.

(Plaintiff's Response to Requests for Admission is attached hereto and made a part hereof as Ex. 2).

9. Title 28, United States Code § 1332 confers on federal courts jurisdiction in civil actions "in which the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between citizens of different states." A party may remove the case if it originally could have been brought in federal court. See, 28 U.S.C. § 1441(a). If the case is not removable from the face of the complaint, the defendant may file a notice of removal within 30 days of receiving some "other paper" which makes the case removable. See, 28 U.S.C. § 1446(b).

10.  In the instant action, it cannot be disputed that this case is between citizens of different states. With respect to the amount in controversy, Courts apply a preponderance of the evidence standard to the amount in controversy analysis when the complaint fails to specify the damages award sought in state court. See, Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010); Lowery v. Ala. Power Co., 483 F.3d 1184 (11th Cir. 2007).

11.  In the case at bar, the Plaintiff did not specify an amount in controversy; therefore, the preponderance of the evidence standard applies to the determination of whether this Court has jurisdiction over the Plaintiff's claims.

12.  The Eleventh Circuit has recognized that responses to requests for admissions qualify as "other paper." See Lowery v. Alabama Power Co., 483 F.3d 1184, 1213, n.62 (11th Cir. 2007), citing Wilson v. Gen. Motors Corp., 888 F.2d 779, 780 (11th Cir. 1989). Therefore, the receipt by the Defendant of the Plaintiff's Response to Wal-Mart's Requests for Admission triggers the 30-day deadline for

removing the case to this Court under 28 U.S.C. § 1446(b).

13. Wal-Mart has timely filed its removal notice as it did not learn that the amount in controversy was greater than $ 75,000 until it received responses to its requests for admissions.  In <u>Williams v. Wal-Mart Stores, Inc.</u>, 534 F.Supp.2d 1239 (M.D.Ala. 2008), the Court held that the receipt of responses to requests for admissions seeking to establish the amount in controversy falls under § 1446(b)'s second type of case.  The <u>Williams</u> Court held:

> As stated, under the second type, "a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or *other paper,*' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists. § 1446(b)." *Lowery,* 483 F.3d at 1213 n. 63 (emphasis added). "[T]he documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Id.* Here, the admission responses constituted "other paper" within the meaning of § 1446(b), *see id.* at 1212 n. 62 ("Courts have not articulated a single test for identifying "other paper," but numerous types of documents have been held to qualify. They include: responses to request for admissions."); the responses were received from Williams; and Wal-Mart's receipt of the responses was the 'first time' it had 'unambiguous' evidence that the jurisdictional amount was met.

<u>Id.</u> at 1244.

14. As in <u>Williams</u>, the receipt of the Plaintiff's denial to the requests for admission constituted "other paper" within the meaning of § 1446(b), and has established, based on a preponderance of the evidence, that the Plaintiff is seeking in excess of the jurisdictional limits of this Court. <u>See</u> Report and Recommendation entered by Judge Armstrong and Order and Memorandum Opinion entered by Judge Propst in <u>Twyla Miles v. Wal-Mart Stores East, L.P.</u>, CV-09-RRA-0108-NW, attached hereto and made a part hereof collectively as Ex. 3; <u>Robinson v. GE Capital Mortgage Servs.</u>, 945 F.Supp. 1516, 1518 (M.D.Ala. 1996)(court held that the defendants could ascertain that the case was removable upon receipt of the plaintiff's denials of the defendants' requests for admission); <u>Enterline v. Sears, Roebuck and Co.</u>, No. 2:08-cv-221-JES-DNF, 2008 WL 1766911, *3 (M.D.Fla. Apr. 15, 2008) (relying upon <u>Lowery</u> and holding that order deeming requests for admission regarding the amount in controversy admitted "was the first 'order or other paper' from which it could be ascertained that the case was removable").

15. A copy of this Notice of Removal has been filed with the Circuit Court of Jefferson County, Alabama.

**WHEREFORE, PREMISES CONSIDERED,** Defendant requests this Court to assume full jurisdiction over the cause herein as provided by law.

                                        /s/ Marda W. Sydnor  
                                        **MARDA W. SYDNOR**  
                                        Attorney for Defendant

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
(205) 326-6600
msydnor@pljpc.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that I have on this 9th day of November, 2017, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

     Mr. Ronald D. Jackson
     Mr. Anthony C. Ifediba
     Ifediba Law Group, LLC
     1220 16th Street South
     Birmingham, AL 35205
     rjackson@ifedibalaw.com
     aifediba@ifedibalaw.com

                                        /s/ Marda W. Sydnor  
                                        OF COUNSEL