# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| EBONY LAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:17-CV-1885-VEH |
| | ) |
| WAL-MART STORES EAST, L.P., | ) |
| and DAVID ROBERTS, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Ebony Lawson ("Ms. Lawson") initiated this personal injury action in the Circuit Court of Jefferson County against Defendant Wal-Mart Stores East, L.P. ("Wal-Mart") on July 10, 2017.[1] (Doc. 1 at 2 ¶ 5); (Doc. 1-4 at 1).[2] Wal-Mart removed Ms. Lawson's case to federal court on November 9, 2017, on the basis of diversity jurisdiction arising under 28 U.S.C. § 1332. (Doc. 1 at 2 ¶ 4).

On November 29, 2017, Ms. Lawson filed a Motion To Remand (doc. 4) (the "Remand Motion") due to the fact that she had attempted to amend her complaint to include a non-diverse Wal-Mart Store Manager, David Roberts ("Mr. Roberts"), as

---

[1] On January 19, 2018, the Court ordered Wal-Mart Stores East, L.P. to be substituted in as the appropriate name of the Wal-Mart entity sued by Ms. Lawson. (Doc. 13 at 1).

[2] All page references to Doc. 1-4 correspond with the Court's CM/ECF numbering system.

a second Defendant. Ms. Lawson attached a copy of her amended complaint (filed in state court) to her Remand Motion. (Doc. 4-1). Ms. Lawson's initial efforts to add Mr. Roberts to her case took place at 5:27 p.m. (doc. 4-1 at 2)[3] on the same day as, but, nonetheless, <u>after</u> Wal-Mart's removal to this Court at 4:26 p.m. (Doc. 1 at 1).

Wal-Mart opposed Ms. Lawson's Remand Motion on December 17, 2017. (Doc. 6). Ms. Lawson did not file a reply in support of her Remand Motion.

On January 4, 2018, Ms. Lawson filed an amended complaint in this Court that, once again, purports to add Mr. Roberts as a Co-Defendant. (*See* Doc. 11 at 2 ¶ 2 (suing Mr. Roberts "in his individual capacity and in his capacity as the agent and/or Store Manager at Wal-Mart Store No. 1158")). Wal-Mart anticipated that Ms. Lawson might take this step post-removal in its opposition to her Remand Motion. (*See* Doc. 6 at 4 ¶ 8 ("[I]n the event Plaintiff refiles the pleading in federal court, the question of whether the case should be remanded [due to the addition of a non-diverse defendant] after proper removal falls under 28 U.S.C. § 1447(e).")); (*see also id.* at 8 ¶ 17 ("Under the scrutiny of *Hensgens* any purported amendment to the Complaint to add a non-diverse defendant is due to be stricken.")); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) (setting out several equitable factors for a district court to consider when a plaintiff seeks to add a non-diverse defendant post-

---

[3] All page references to Doc. 4-1 correspond with the Court's CM/ECF numbering system.

removal).[4]

Section 1447(e) provides:

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e); *see, e.g., Milburn v. Copart of Connecticut, Inc.*, No. 2:05-CV-1661-VEH, (Doc. 31 at 4-5) (N.D. Ala. June 21, 2006) (citing § 1447(e) as "applicable to identification of fictitious defendants subsequent to removal"); *Alvis v. K-Mart Corp.*, No. 4:11-CV-1773-VEH, (Doc. 11 at 7) (N.D. Ala. Sept. 29, 2011) (granting motion for leave to amend given prior fictitious-party description and citing § 1447(e) as basis for remanding action); *Teague v. Gas Fired Products, Inc.*, No. 1:16-CV-0581-VEH, (Doc. 31 at 4-5) (N.D. Ala. Dec. 20, 2016) (allowing joinder of non-diverse defendant and remanding pursuant to § 1447(e)).

Based upon the foregoing procedural history, on January 10, 2018, the Court treated Wal-Mart's opposition (doc. 6) to Ms. Lawson's Remand Motion as a Motion

---

[4] These factors are:

(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed, and; (4) any other factors bearing on the equities.

*Hensgens*, 833 F.2d at 1182.

To Strike ("Strike Motion") her amended complaint (doc. 11) filed post-removal. (Doc. 12 at 3). The Court also ordered the parties to provide further briefing as to whether it should deny the joinder of Mr. Roberts, or permit his addition and remand the action.[5] *Id.*

The deadline for Ms. Lawson to oppose the Strike Motion ran on January 24, 2018, and she filed nothing.[6] For the reasons discussed below the Strike Motion is **GRANTED** and the Remand Motion is **DENIED** and/or **TERMED** as **MOOT**.

In its Strike Motion, Wal-Mart contends that this Court should utilize the Fifth Circuit's equitable framework from *Hensgens* when evaluating the parties' disputed post-removal joinder issue. *See also Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (citing to *Hensgens* and finding no abuse of discretion in the district court's conclusion that "the manifest purpose of plaintiffs' actions was to defeat federal jurisdiction" when attempting to join a non-diverse defendant "years after the petition was originally filed").

However, the applicability of *Hensgens* is not without uncertainty. Wal-Mart points to no binding Eleventh Circuit authority that has ever mentioned *Hensgens*,

---

[5] The Court has independently reviewed the jurisdictional soundness of Wal-Mart's removal and confirmed satisfaction of § 1332's amount-in-controversy and diversity-of-citizenship components (in the absence of Mr. Roberts's presence). (*See generally* Doc. 1); (*see also* Doc. 6 at 2 n.1 (detailing the layers of citizenship allegations applicable to Wal-Mart)).

[6] Without any brief from Ms. Lawson, Wal-Mart (understandably) saw no need to reply.

4

much less formally adopted it. Likewise, the undersigned's research has revealed no Eleventh Circuit opinion dealing with *Hensgens*. Thus, this Court may, but is under no obligation to, follow *Hensgens*.

Additionally, *Hensgens* "pre-dates the enactment of § 1447(e)[.]" *Sexton v. G&K Servs., Inc.*, 51 F. Supp. 2d 1311, 1312 n.1 (M.D. Ala. 1999); *see also* Judicial Improvements and Access to Justice Act of 1988, Pub. L. No. 100-702, 102 Stat. 4642, Title X, § 1016(c)(2) (Nov. 19, 1988) (adding new subsection "(e)" to § 1447). Consequently, at least one district court has speculated about *Hensgens*'s continued viability <u>even within the Fifth Circuit</u>. *See Matak v. Genie Industires, Inc.*, No. 1:09-CV-426-TH, 2009 WL 10677578, at *1 (E.D. Tex. July 7, 2009) ("*Hensgens* was decided prior to adoption of 28 U.S.C. § 1447(e), which grants <u>complete</u> discretion to the district court.") (emphasis added);[7] *cf. also id.* ("*Hensgens* is apparently still good law in the Fifth Circuit, though sparsely cited."); *id.* at *2 (remanding pursuant to § 1447(e) in light of its decision to allow diversity-destroying joinder or, alternatively, remanding under *Hensgens*).

---

[7] "[T]he abuse of discretion standard allows 'a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'" *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (quoting *Rasbury v. I.R.S. (In re Rasbury)*, 24 F.3d 159, 168 (11th Cir. 1994) (quoting another source) (citing another source)). "[W]hen employing an abuse-of-discretion standard, [the Eleventh Circuit] must affirm unless [it] find[s] that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Frazier*, 387 F.3d at 1259 (citing *Maiz v. Virani*, 253 F.3d 641, 662 (11th Cir. 2001)).

5

At the same time, this Court, *see Milburn*, (doc. 31 at 5 n.3 (concluding that the purpose of "amendment was not to defeat jurisdiction")) and *Teague*, (doc. 31 at 5 (same)), as well as other district courts within the Eleventh Circuit, *see, e.g., Sexton*, 51 F. Supp. 2d at 1312 (setting out *Hensgens* factors); *Smith v. White Consol. Indust., Inc.*, 229 F. Supp. 2d 1275, 1279 (N.D. Ala. 2002) ("Under the analysis of *Le Duc* and *Hensgens*, this court can properly revisit the requisite joinder analysis and determine whether joinder of Greene was proper."), have looked to *Hensgens* for guidance when exercising discretion under § 1447(e). Other times, such as this Court in *Alvis*, the propriety of allowing a plaintiff to join a non-diverse defendant post-removal has been determined <u>without any mention of the *Hensgens* factors</u>.[8]

In *Ingram v. CSX Transp., Inc.*, 146 F.3d 858 (11th Cir. 1998), the Eleventh Circuit provided some insight into how to apply § 1447(e).

> Although Ingram styled her motion to add the City as a motion to amend her complaint pursuant to FED. R. CIV. P. 15(a), this amendment amounted to a joinder, pursuant to FED. R. CIV. P. 20. We presume that Ingram sought to add the City because <u>her alleged right to relief against it arose out of the same transaction or occurrence as her alleged right to relief against CSX, and because questions of law or fact common to both defendants were likely to arise in the action</u>. *See* FED. R. CIV. P. 20(a). Thus, in determining whether to grant Ingram's motion, the district court should have considered 28 U.S.C.A. § 1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder

---

[8] In *Alvis*, the defendant opposed neither the plaintiff's request for leave to add the non-diverse defendant (doc. 11 at 7) nor remand. (*Id.* at 2, 8).

6

would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C.A. § 1447(e) (West 1994).

<u>The district court had no discretion to add the City as a defendant, retain jurisdiction and decide the case on the merits</u>. . . . Because section 1447(e) was applicable here, the district court was left with only two options: (1) deny joinder; or (2) permit joinder and remand Ingram's case to state court.

*Ingram*, 146 F.3d at 862 (emphasis added) (footnote omitted); *see also id.* ("The district court chose to permit the diversity-destroying joinder and, as a result, it should have remanded this action to Alabama circuit court.").

Thus, in *Ingram*, the Eleventh Circuit makes it clear that retaining jurisdiction over a non-diverse defendant post-removal is not a discretionary option for the district court.[9] *Ingram* does not, however, discuss any discretionary formula for evaluating a contested joinder under § 1447(e). In the absence of any contrary controlling guidance from the Eleventh Circuit, this Court finds that applying the *Hensgens* framework here is appropriate in light of the parties' dispute over the joinder of Mr. Roberts. *See also Mayes v. Rapoport*, 198 F.3d 457, 462 n.11, 462-63 (4th Cir. 1999) (concluding that "a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was

---

[9] Joining Wal-Mart's Store Manager, Mr. Roberts, (who Ms. Lawson describes fictitiously and seeks relief against in her initial complaint (doc. 1-4 at 1, 4)), to this personal injury action is consistent with the parameters of Rule 20 that *Ingram* mentions.

7

without leave of court" due to Rule 15(a)(1)'s right to amend "once as a matter of course" and citing to *Hensgens* framework as equally applicable to that procedural situation).

**The *Hensgens* Factors All Favor Granting Wal-Mart's Strike Motion.**

I. **The circumstances surrounding Ms. Lawson's joinder of Mr. Roberts align with a purpose of defeating diversity jurisdiction.**

Concerning the first factor, Wal-Mart contends that the timing of Ms. Lawson's amended complaint (filed post-removal) makes it "clearly evident" that defeating diversity jurisdiction is her amended pleading's purpose. (Doc. 6 at 6 ¶ 13). More specifically, Wal-Mart represents that Ms. Lawson's counsel was made aware of Mr. Roberts's name verbally as early as September 22, 2017, and subsequently in writing on October 9, 2017. *Id.* Nonetheless, Ms. Lawson never sought to add Mr. Roberts until after she received notice of her lawsuit's removal to federal court on November 9, 2017.

Ms. Lawson has not disputed having notice of Mr. Roberts's position as the Wal-Mart Store Manager in September 2017. She also has not offered any explanation in her Remand Motion (or other filing) why she did not seek to add him as a defendant before Wal-Mart removed her lawsuit on November 9, 2017. (*See generally* Doc. 4).

Therefore, Ms. Lawson's case differs significantly from *Milburn* and *Teague*. More specifically, the record in each of those cases shows that it was information acquired by the plaintiff(s) <u>after</u> removal that triggered the decision to add a diversity-destroying defendant. *See Milburn*, (Doc. 31 at 5 n.2) ("Milburn did not know the identity of Fictitious Defendant 1 until <u>after</u> the Notice of Removal.") (emphasis added); *Teague*, (Doc. 31 at 5) ("In their brief in support of their Motion To Remand, [Plaintiffs] indicated that they added claims because the discovery process [conducted post-removal] produced other theories of liability, including against [the non-diverse defendant]."); *cf. Smith*, 229 F. Supp. 2d at 1280 ("Several courts have held that the fact that a plaintiff attempted to add a non-diverse defendant only after the case was removed, <u>even though he knew</u> or should have ascertained the identity of the defendant at an earlier time, strongly indicates that the purpose of the plaintiff's amendment is to defeat federal jurisdiction.") (emphasis added). Consequently, the Court finds that the first factor favors granting the Strike Motion.

### II. Ms. Lawson's delay in seeking to add Mr. Roberts slightly supports disallowing his joinder as a Co-Defendant.

The second factor–whether Ms. Lawson was dilatory in asking for the amendment–only slightly favors granting the Strike Motion. Certainly, Ms. Lawson missed the opportunity to amend her complaint in state court before it was removed

9

on November 9, 2017. Further, Ms. Lawson's failure to amend shortly after confirming with Wal-Mart Mr. Roberts's identity hints to his lack of importance as a separately named party in her lawsuit. *Cf. Sexton*, 51 F. Supp. 2d at 1314 ("Instead, the Plaintiff could have ascertained the identity of Mailon Boyd prior to filing suit and prior to removal of this case, merely by looking at the contract, if including him as a defendant had actually been important to his case.").

Nonetheless, she filed her amended complaint in this Court within 60 days from Wal-Mart's removal and while her Remand Motion was still pending. Further, Ms. Lawson's amended complaint is filed within 6 months of her initial complaint. *Compare Hawthorne*, 431 F.3d at 227 (seeking to add non-diverse defendant "years after the petition was originally filed"), *with Matak*, 2009 WL 10677578, at *1 ("Although the better practice would be to simply add the non-diverse party to the original petition, they have done so now, <u>less than a month after the original filing</u> of the suit in state court.") (emphasis added). Consequently, Ms. Lawson's delay in seeking an amendment is not as extreme as the gap of years discussed in *Hawthorne*, but not as short as the insignificant lapse of time found in *Matak*.

### III. The record lacks any indication that Ms. Lawson will be significantly injured if the joinder of Mr. Roberts is stricken.

The third factor is whether Ms. Lawson will be <u>significantly</u> injured if the

10

amendment is disallowed. Ms. Lawson's allegations against Mr. Roberts pertain to his actions (or inactions) arising within the scope of his employment as a Wal-Mart Store Manager. (Doc. 6 at 7-8 ¶ 15); (*see also* Doc. 11 at 2 ¶ 2 (suing Mr. Roberts "in his individual capacity and in his capacity as the agent and/or Store Manager at Wal-Mart Store No. 1158"); *id.* ¶ 3 (asserting Defendants' joint and several liability for Ms. Lawson's damages); *id.* at 2-3 ¶ 4 ("Defendants . . . created a hazard in allowing a puddle of water to remain in the lane of the checkout cashier where the Plaintiff slipped and fell.")). Consequently, Ms. Lawson "will not be injured if the amendment is denied because [Mr. Roberts's] acts would be imputed to Wal-Mart under the theory of *respondeat superior*." *Watkins v. Hansford*, No. 3:17CV-00069-CRS, 2017 WL 4159401, at *4 (W.D. Ky. June 27, 2017), *report and recommendation adopted*, No. 3:17-CV-00069-CRS, 2017 WL 4158647 (W.D. Ky. Sept. 19, 2017). Additionally, "[i]It is likely that complete relief can be afforded to [Ms. Lawson] through [Wal-Mart] because any judgment against [Mr. Roberts] in his capacity as an employee would ultimately be satisfied by [Wal-Mart]." *Id.*; *see also Barnett v. MV Transp., Inc.*, No. 3:14-CV-00250-TBR, 2014 WL 1831151, at *4 (W.D. Ky. May 8, 2014) ("Plaintiff's proposed claim against Ms. McEwing is identical to her claim against Defendant, and there is nothing to suggest that Defendant would be incapable of satisfying any judgment against it.").

Further, Ms. Lawson has not identified any other significant injury for this Court to consider in exercising its discretion under § 1447(e). Thus, the Court concludes that the third factor favors granting the Strike Motion.

### IV. Ms. Lawson's silence about how this Court should exercise its discretion under § 1447(e) favors granting Wal-Mart's Strike Motion.

*Hensgens*'s fourth factor permits the Court to consider anything else "bearing on the equities." 833 F.2d at 1182. Here, Ms. Lawson did not file any reply brief in support of her Remand Motion as permitted by Appendix III of the Court's Uniform Initial Order. (Doc. 2 at 22 ¶ B.3). She also did not respond to the Strike Motion as specifically ordered by the Court. (Doc. 12 at 3). While those omissions do not automatically translate into granting the joinder and jurisdictional relief requested by Wal-Mart,[10] Ms. Lawson's inability and/or failure to meet the underlying § 1447(e) issues head on (despite having had two separate opportunities to do so) equitably weighs in Wal-Mart's favor.

Therefore, consistent with the *Hensgens* framework and the Court's discretion

---

[10] *Cf. Branch Banking and Trust Co. v. Howard*, No. 12–0175–WS–N, 2013 WL 172903, at *1 (S.D. Ala. Jan. 16, 2013) (explaining that a non-movant's failure to oppose a Rule 12(b)(6) motion, "does not trigger the kneejerk granting of such Motion on an abandonment theory" (emphasis added) (citing *Gailes v. Marengo Cty. Sheriff's Dep't*, 916 F. Supp. 2d 1238, 1243 (S.D. Ala. 2013) ("If . . . the defendant's presentation is adequate to satisfy its initial burden, the Court will not deny the motion based on arguments the plaintiff could have made but by silence elected not to raise.") (emphasis added))).

under § 1447(e), Wal-Mart's Strike Motion is **GRANTED**. Accordingly, Doc. 11 is **HEREBY STRICKEN**, and the Clerk is **HEREBY DIRECTED** to terminate Mr. Roberts's status as a Defendant in this action. Further, with the amended complaint stricken and diversity jurisdiction undefeated, Ms. Lawson's Remand Motion is **DENIED** and/or **TERMED** as **MOOT**.

**DONE** and **ORDERED** this the 2nd day of February, 2018.

**VIRGINIA EMERSON HOPKINS**
United States District Judge